**STREAMBEND PROPERTIES II,
LLC; Streambend Properties VIII,
LLC Plaintiffs-Appellants**

v.

**IVY TOWER MINNEAPOLIS, LLC; Ivy
Tower Development, LLC; Moody
Group, LLC; Goben Enterprises, LP;
Wischermann Holdings, LLC; Jeffrey
Laux; Gary Benson; Burnet Realty,
LLC; Commonwealth Land Title In-
surance Company; John Doe; Mary
Rowe; XYZ, Corp. Defendants-Appel-
lees**

No. 17-1293

United States Court of Appeals,
Eighth Circuit.

Submitted: November 14, 2017

Filed: November 16, 2017

Randall Davis Bryant Tigue, I, Tandall
Tigue Law Office, Golden Valley, MN, for
Plaintiffs-Appellants

Thomas William Pahl, Foley & Mans-
field, Minneapolis, MN, for Defendants-
Appellees Ivy Tower Minneapolis, LLC,
Ivy Tower Development, LLC, Moody
Group, LLC, Goben Enterprises, LP, Jef-
frey Laux, Gary Benson

Bethany M. Gullman, Attorney, Donald
Charles Macdonald, Faegre & Baker, Min-
neapolis, MN, for Defendant-Appellee Wis-
chermann Holdings, LLC

William Lawrence Davidson, Richard A.
Lind, Lind & Jensen, Minneapolis, MN,
for Defendant-Appellee Burnet Realty,
LLC

Brian M. Sund, Kerry Ann Trapp, Mor-
rison & Sund, Minnetonka, MN, for Defen-
dant-Appellee Commonwealth Land Title
Insurance Company

Before WOLLMAN, LOKEN, and
COLLOTON, Circuit Judges.

PER CURIAM.

We have seen this case thrice before.
First, we held Streambend Properties II,
LLC and Streambend Properties VIII,
LLC (collectively, Streambend) had al-
leged enough of a connection with inter-
state commerce to go forward with claims
against various parties involved in the de-
velopment of a residential condominium
where Streambend had sought to buy
units. See Streambend Props. II, LLC v.
Ivy Tower Minneapolis, LLC, 451 Fed.
Appx. 627 (8th Cir. 2012) (unpublished per
curiam). Second, we affirmed the subse-
quent dismissal of some of those claims
and the grant of summary judgment to the
defendants on the rest. See Streambend
Props. II, LLC v. Ivy Tower Minneapolis,
LLC, 781 F.3d 1003 (8th Cir. 2015). Third,
in an unreported order, we summarily af-
firmed after the district court denied a
motion by Streambend's beneficial owner,
Jerald Hammann, to join the case or take
Streambend's place as plaintiff. In the sec-
ond and third appeals, we also denied addi-
tional motions originally filed in this court
seeking to add Hammann to this litigation.

Now, Streambend appeals from the de-
nial of its motion for relief from the judg-
ment, see Fed. R. Civ. P. 60(b)(6), and a
renewed motion for substitution of parties,
see Fed. R. Civ. P. 25(c). We agree with

the district court[1] that these motions represent improper attempts to relitigate issues already decided. See SDDS, Inc. v. South Dakota (In re SDDS, Inc.), 225 F.3d 970, 972 (8th Cir. 2000); see also Maxfield v. Cintas Corp., No. 2, 487 F.3d 1132, 1134-35 (8th Cir. 2007) (law-of-the-case and prior-panel doctrines). Streambend's challenge to our precedent forbidding the use of Rule 60 motions for such collateral attacks would be unavailing even if we found it persuasive, because we cannot overrule another panel of this court. See Maxfield, 487 F.3d at 1135.

Further, we see no reversible error in the district court's implicit refusal to grant Streambend leave to amend the complaint or conduct limited discovery, as Streambend requested in its briefs. Streambend did not request this alternative relief by motion, did not cite authority supporting it, did not submit proposed amendments for review, and did not offer anything more than speculation about what it expected to discover. Any of these would suffice to justify the district court's decision. See Fed. R. Civ. P. 7(b)(1) (motions); United States v. Sigillito, 759 F.3d 913, 933 (8th Cir. 2014) (legal authority); Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (proposed amendments); cf. Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 895 (8th Cir. 2014) (discovery).

We affirm the denial of Streambend's motions.